## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL JERMAINE GREENE,**

     **Plaintiff,**

**v.**                                                 **Civil Action No. 1:20cv64**
                                                    **(Judge Kleeh)**

**RANDOLPH COUNTY; WVDOC;
BETSY JIVIDEN, Commissioner, WVDOC;
CHARLES WILLIAMS, Warden; THOMAS
HARLAN, Interim Superintendent; ANGIE
BOOTH, Moving Coordinator; CAP'T.
MICHAEL SMITH, JR.; CAP'T. DANIEL
JAMES; LT. BRIAN SCOTT; LT. TOM
RUNKLE, LT. EMERY RUNKLE; LT.
RANDY SKINNER; SGT. PREKODA;
CPL. GEORGE POSTAL; CPL. HUNTER
PARKS; SGT. JUSTIN CLOSE; SGT.
ANDREW HINCHMAN; SGT. KENNETH
WINGFIELD; C.O. MICHAEL MUSSI; C.O.
TIMOTHY CUTRIGHT; C.O. SIDNEY
FENSTER; C.O. CODY GREEN; C.O.
JOHN LOFTIS; C.O. JEREMY LATHAM;
C.O. RICHARD GISELL; C.O. FAULKNER;
CHO KENNETH AKINS, Unit Manager;
CECIL PRITT, Administrative Segregation
Hearing Commander; CC-I SHANNNON
SHIFLETT; CO-II ALISON SWECKER;
MARVIN PLUMPLEY, Former Warden;
KAYLA THOMAS, Office Assistance;
PAULA ARBOGAST, Secretary I; AARON
COLLINS, Legal Librarian; DR. JANE
DOE I; NURSE JANE DOE 2; NURSE
AMANDA; NURSE VALERIE WENZEL;
KIMBERLY PATON H.S.A.; GINA
HAMILTON, PSIMED: LGSW, MSW;
and ANGEL COLE, PSIMED: M.A.,**

     **Defendants.**

## REPORT AND RECOMMENDATION

On April 9, 2020, Michael Jermaine Greene ("Greene") the *pro se* Plaintiff, an inmate at Huttonsville Correctional Center ("HCC") in Huttonsville, West Virginia, initiated this case by filing a 306-page civil rights complaint pursuant to 42 U.S.C. § 1983 without an accompanying motion to exceed the page limits. ECF No. 1. With his complaint, Greene filed a motion to proceed as a pauper; a Consent to Collection of Fees from Trust Account; a Motion for Order to Show Cause for Preliminary Injunction; and a motion to appoint counsel.  ECF Nos. 2, 3, 4, 5. On April 14, 2020, pursuant to a Notice of Deficient Pleading, Greene filed a copy of his Prisoner Trust Fund Account Report with attached Ledger Sheets. ECF No. 9.  On April 16, 2020, Greene filed a Motion to Appoint the Clinical Law Program of WVU Law School as counsel. ECF No. 11. On April 23, 2020, Greene filed copies of 5 letters and two grievances. ECF No. 13. On April 30, 2020, Green filed a letter motion for jury trial, a request to engage in discovery, and for the Court to serve the defendants.  ECF No. 14.  On May 7, 2020, Greene filed a sworn Declaration by another prisoner. ECF No. 15. On May 12, 2020, Greene filed a sworn Declaration. ECF No. 16. On May 12, 2020, Greene sent copies of 71 pages of miscellaneous documents to the Court. ECF No. 17.   On May 14, 2020, Greene sent a letter to the Court. ECF No. 18.  On May 19, 2020, Greene filed another sworn Declaration. ECF No. 19. On June 9, 2020, Greene filed a certificate of service.  ECF No. 20. On June 25, 2020 and again on July 2, 2020, Greene wrote to the Court, attaching more documents and medical records. ECF No. 22, 23.

This case is before the undersigned for a preliminary review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); see also Ashley v. E. Dilworth, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." Dupree v. Palmer, 284 Fed 3d 1234, 1237 (11th Cir. 2002); see also Finley v. Doe, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.). As outlined below, the undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision.[1]

On November 2, 2015, plaintiff filed a § 1983 complaint in the United States District Court for the Southern District of West Virginia, seeking damages against four defendants stemming from his criminal conviction in the Circuit Court of Mercer County, West Virginia. See S.D. W.Va. Case No. 1:15cv14561. On November 5, 2015, Magistrate Judge R. Clarke VanDevort filed Proposed Findings and a Report and Recommendation based on a screening pursuant to 28 U.S.C.

---

[1] The undersigned acknowledges that the Fourth Circuit's position previously was that a dismissal without prejudice did not count as a strike. See McClean v. United States, 566 F.3d 291(2008). However, that position has recently been abrogated by the Supreme Court decision in Lomax v. Ortiz-Marquez, 2020 WL 3038282 (U.S. June 8, 2020). Therefore, regardless whether the plaintiff's three cases were dismissed with or without prejudice, they count as strikes.

§ 1915A, which required dismissal of the case if the complaint was frivolous, malicious, or failed to state a claim upon which relief could be granted. Id. Magistrate Judge VanDevort recommended that the complaint be dismissed on initial screening because plaintiff had failed to state a claim upon which relief could be granted. Id. On December 10, 2016, United States District Judge David A. Faber overruled plaintiff's objections, adopted the proposed findings and recommendations, and dismissed the plaintiff's complaint. Id.

On December 2, 2015, the plaintiff filed a second complaint in the Southern District of West Virginia, again raising the same claims and seeking damages against the same four defendants previously named in his November 2, 2015 complaint. See S.D. W.Va. Case No. 1:15cv15723. On December 7, 2015, Magistrate Judge VanDevort again conducted a screening pursuant to 28 U.S.C. § 1915A and recommended that the case be dismissed because plaintiff had failed to state a claim upon which relief could be granted.  Id.  On July 26, 2016, United States District Judge David A. Faber overruled the plaintiff's objections and dismissed plaintiff's complaint. Id. On appeal, the district court's judgment was affirmed. See Greene v. Sadler, 673 F. Appx. 324 (4th Cir. 2017).

On April 12, 2017, plaintiff filed a third complaint in the Southern District of West Virginia, again raising the same claims and seeking damages against the same four defendants previously named in his prior two complaints. See S.D. W.Va. Case No. 1:17cv02344. On November 9, 2017, Magistrate Judge Dwayne Tinsley recommended that the case be dismissed pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Id.  On April 18, 2018, United States District Judge David A. Faber adopted the recommendation and dismissed plaintiff's complaint for its failure to state a claim upon which relief could be granted and noting that

"plaintiff's arguments lack merit and are patently frivolous." Id. On appeal, the district court's judgment was affirmed. See Greene v. Huffman, 733 F. Appx. 119 (4th Cir. 2018).

Plaintiff is listed on the National Three-Strikes Database as having at least three strikes.

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception. See Johnson v. Warner, 200 F. Appx 270, 272 (4th Cir. 2006) (per curiam) (unpublished). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant hand-written, rambling, repetitive, stream of consciousness complaint, Greene raises First, Sixth, Eighth, and Fourteenth Amendment claims, alleging retaliation; racial discrimination; deliberate indifference to serious medical and mental health needs; wrongful transfers; ignoring of grievances or not granting grievances in his favor; unfair disciplinary hearings; and a multitude of conditions of confinement claims against the 42 named defendants. Plaintiff admits to having hallucinations and hearing voices, which he contends began during a 2016 hospitalization at Davis Medical Center where he was diagnosed with polycystic kidneys and a small pericardial effusion, when medical staff put a 'liquid item" in his IV, which he now contends permits others to hear his thoughts on the radio, control his thoughts, and intentionally cause him pain.  He also alludes to an incident of excessive force which occurred in October of 2016, and seeks to raise a Monell[2] claim.

---

[2] A Monell claim of municipal liability in §1983 includes theories of establishing a municipal policy or custom, such as formal policies, de facto policies and customs, failure to train and supervise, and single decisions made by final policymakers. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

Upon careful and thorough review of the voluminous complaint, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule. There is nothing in the plaintiff's complaint which suggests in any way that he is in imminent danger of serious physical injury.

For the foregoing reasons, the undersigned recommends the plaintiff's case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915 (g). Further, the undersigned recommends that plaintiff be advised that if he wishes to pursue the allegations raised in the instant complaint, he must initiate a new case by filing a complaint with payment of the $400 filing fee.

The undersigned further **RECOMMENDS** that Plaintiff's pending motions to proceed as a pauper [ECF No. 2]; to show cause for a preliminary injunction [ECF No. 4]; for appointment of counsel [ECF No. 5]; to appoint the WVU School of Law Clinical Law Program as counsel [ECF No. 11]; for a jury trial, to engage in discovery, and for the Court to serve the defendants [ECF No. 14] all be **DENIED as moot**.

The plaintiff shall have **fourteen days from the date of entry of this Report and Recommendation** within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Further, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: July 23, 2020

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE